1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11 | MICHAEL B. WILLIAMS,

Case No.  1:13-cv-02104-MJS (PC)

12 |        Plaintiff,

**ORDER (1) DENYING APPOINTMENT OF COUNSEL, and (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**

13 |    v.

14 | VICKIE MADRID,

**(ECF No. 1)**

15 |        Defendant.

**AMENDED PLEADING DUE IN THIRTY (30) DAYS**

16
17

18      Plaintiff proceeds pro se and in forma pauperis in this civil rights action filed

19 December 30, 2013 pursuant to 42 U.S.C. § 1983. The Complaint is before the Court

20 for screening.

21 **I.      SCREENING REQUIREMENT**

22      The Court must dismiss an in forma pauperis action at any time if the Court

23 determines that the allegation of poverty is untrue, the action is frivolous or malicious,

24 the action fails to state a claim upon which relief may be granted, or seeks monetary

25 relief against a defendant immune from such relief. See 28 U.S.C. § 1915(e).

26 **II.      PLEADING STANDARD**

27      Section 1983 "provides a cause of action for the deprivation of any rights,

28

1

1   privileges, or immunities secured by the Constitution and laws of the United States."

2   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983.

3   Section 1983 is not itself a source of substantive rights, but merely provides a method

4   for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386,

5   393-94 (1989).

6         To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

7   that a right secured by the Constitution or laws of the United States was violated and (2)

8   that the alleged violation was committed by a person acting under the color of state law.

9   See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

10  1245 (9th Cir. 1987).

11        A complaint must contain "a short and plain statement of the claim showing that

12  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

13  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

14  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

15  662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

16  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is

17  plausible on its face." Id. Facial plausibility demands more than the mere possibility that

18  a defendant committed misconduct and, while factual allegations are accepted as true,

19  legal conclusions are not. Id. at 667-68.

20        Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police

21  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

22  **III.    PLAINTIFF'S ALLEGATIONS**

23        Plaintiff is an uncommitted civil detainee housed at Coalinga State Hospital

24  ("CSH"). Since the completion of his prison sentence in or about 2000, he has been

25  held over for civil commitment trial pursuant to California's Sexually Violent Predator Act

26  ("SVPA").[1]

27

28  _____
    [1]  Cal. Welf. & Inst. Code § 6600 et seq.

1   Plaintiff complains Defendant Madrid, a CSH staff social worker, retaliated

2   against him for refusing to participate in evaluation and treatment. She retaliated by

3   accessing Plaintiff's confidential files and using invalid protocols to prepare a fraudulent

4   and unfavorable April 2013 Psychological Assessment Update ("Assessment"). She did

5   these things without notifying Plaintiff and without his consent and participation. She

6   then attempted to deny Plaintiff a copy of the Assessment.[2] Defendant also

7   discriminated against Plaintiff without reason other than Plaintiff's membership in a

8   suspect class.

9   Defendant's actions violated the First, Fifth, and Fourteenth Amendments to the

10  U.S. Constitution, and the SVPA.

11  Plaintiff seeks: (1) monetary damages, (2) an order the Assessment be

12  expunged, and (3) appointment of counsel.

13  **IV.    DISCUSSION**

14      **A.      Retaliation**

15  A civil detainee's First Amendment claim may be analyzed under prisoner rights

16  case law. Rivera v. Rogers, 224 Fed.Appx. 148, 150 (3d Cir. 2007). Allegations of

17  retaliation against a prisoner's First Amendment rights to speech and to petition the

18  government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

19  1985); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

20  "Within the prison context, a viable claim of First Amendment retaliation entails

21  five basic elements: (1) an assertion that a state actor took some adverse action against

22  an inmate (2) because of (3) that inmate's protected conduct, and that such action (4)

23  chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

24  reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559,

25  567-68 (9th Cir. 2005); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir.

26  2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

27  ───────────
[2] The record reflects Plaintiff received the Assessment on or about October 7, 2013. (See ECF No. 1, at
9.) The Assessment, attached to the Pleading as Exhibit A, is not susceptible of judicial notice. Fed. R.
28  Evi. 201. Plaintiff's request for judicial notice of the Assessment is denied.

3

1              1.      Protected Conduct

2          Plaintiff does not provide any basis for concluding that his refusal to participate in

3    mental health treatment and evaluation is protected by the First Amendment. He

4    provides no information relating to when, how and why he refused to participate,

5    whether and how staff responded to his refusal, whether he grieved the response, or as

6    to the result of any such grievance. Significantly, he does not link his refusal to

7    participate to any right protected under the First Amendment.

8          Plaintiff may claim his refusal to participate in SVPA evaluation is an assertion of

9    the Fifth Amendment right against self-incrimination. The Fifth Amendment to the U.S.

10   Constitution provides that "No person . . . shall be compelled in any criminal case to be

11   a witness against himself . . . ." U.S. Const. Amend. V. However, the Fifth Amendment

12   right against self-incrimination does not extend to civil mental examination, see Young

13   v. Murphy, 90 F.3d 1225, 1236 (7th Cir. 1996), citing Mathis v. United States, 391 U.S.

14   1,5 (1968), or to sexually dangerous person commitment proceedings. See e.g., Allen v.

15   Illinois, 478 U.S. 364, 369 (1986), accord, Renchenski v. Williams, 622 F.3d 315, 333

16   (3d Cir. 2010).

17             2.      Retaliatory Motive

18         Even if Plaintiff did engage in conduct protected by the First Amendment, he

19   provides no basis to believe such conduct motivated Defendant to retaliate. He offers no

20   facts directly or circumstantially suggesting that Defendant's preparation of the

21   Assessment was motivated by anything other than professional judgment and

22   institutional purposes. See Brodheim, 584 F.3d at 1271, quoting Soranno's Gasco, Inc.

23   v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (the protected conduct must have been

24   a "substantial" or "motivating" factor behind the alleged adverse action).

25             3.      Institutional Purpose

26         Plaintiff does not show the Assessment was prepared other than in accordance

27   with and furtherance of commitment proceedings under the SVPA.

28         Plaintiff does not identify any material error in in the Assessment. See Reilly v.

1  Superior Court, 57 Cal.4th 641, 652 (2013), disapproving (Plaintiff's cited) In Re Ronje,

2  179 Cal.App.4th 509 (Cal. Ct. App. 2009).

3       Plaintiff's retaliation claim fails for the reasons stated. If Plaintiff chooses to

4  amend, he must allege specific facts from which the Court could conclude that

5  Defendant took an adverse act against him because of his protected activity and for no

6  legitimate correctional goal.

7       **B.**    **Due Process**

8       Civil detainees are entitled to Fourteenth Amendment protections.[3] See Jones v.

9  Blanas, 393 F.3d 918, 933 (9th Cir. 2004) ("Civil status means civil status, with all the

10  Fourteenth Amendment rights that accompany it.").

11       1.    SVPA

12       Plaintiff alleges Defendant should have, but did not give notice the Assessment

13  was being prepared or provide him an opportunity for a pre-Assessment interview.

14  However, the SVPA does not appear to require such notice and opportunity for pre-

15  commitment interview, see Cal. Welf. & Inst. Code 6601, unless the pre-commitment

16  update is requested by the petitioning attorney. Id. § 6603(c).[4] That is not the case here.

17       Additionally, any assertion Defendant retaliated for his refusal to interview is

18  inconsistent with his claim Defendant denied him the opportunity for interview.

19       Plaintiff does not specifically link Defendant to the alleged brief denial of access

20  to the Assessment or show any harm resulting therefrom.

21       Plaintiff has not identified any process due him, under the SVPA or otherwise,

22  that was denied by Defendant. It is unclear what, if any notice and interview opportunity

23

24  [3] Plaintiff's due process claim is properly analyzed under the Fourteenth Amendment. The Fifth
   Amendment is not applicable in this context as its "due process clause only applies to the federal

25  government." Bingue v. Prunchak, 512 F. 3d 1169, 1174 (9th Cir. 2008).

26  [4] "If the attorney petitioning for commitment under this article determines that updated evaluations are
   necessary . . . in order to properly present the case for commitment, the attorney may request the State

27  Department of State Hospitals to perform updated evaluations", which "shall include review of available
   medical and psychological records, including treatment records, consultation with current treating

28  clinicians, and interviews of the person being evaluated, either voluntarily or by court order." Cal. Welf. &
   Inst. Code § 6603(c).

1 he claims was required and why, what was received, whether he grieved any such lack

2 of process, and, if so, the results of the grievance.

3                     2.     Confidential Mental Health Information

4        Plaintiff alleges that, because he did not refuse pre-Assessment interview,

5 Defendant was precluded by California Welfare and Institutions Code § 5328 from

6 accessing his confidential health information. However, § 5328 does not appear to

7 preclude a mental health professional employed by the custodial facility and responsible

8 for the patient's care from accessing the patient's file. See § 5328(a).

9        To possess an interest protectable under the Due Process Clause, a person

10 must " 'have a legitimate claim of entitlement to it.' " Beylik v. Estep, 377 Fed.Appx. 808,

11 812 (10th Cir. 2010), citing Greenholtz v. Inmates of the Nebraska Penal and

12 Correctional Complex, 442 U.S. 1, 7 (1979), quoting Board of Regents v. Roth, 408 U.S.

13 564, 577 (1972). Plaintiff's allegations do not show entitlement to protect his mental

14 health file from access by Defendant.

15                     3.     Fraudulent Mental Health Assessment

16        Plaintiff alleges the Assessment denied him due process because it was

17 unauthorized, falsified and fraudulent. He does not, however, allege sufficient factual

18 background for the Court to evaluate the allegation. His claim the Assessment was

19 prepared without procedural due process protections is deficient for the reasons stated

20 above.

21        Plaintiff does not explain or support his claim the Assessment is substantively

22 false and fraudulent. "To determine if a substantive due process right has been violated,

23 the courts balance the individual's liberty against the demands of an organized society."

24 Young v. King County, 70 Fed.Appx. 939, 941 (9th Cir. 2003), citing Youngberg v.

25 Romeo, 457 U.S. 307, 320 (1982). Due process at least requires some rational

26 relationship between the nature and duration of confinement and the purpose. Lynch v.

27 Baxley, 744 F.2d 1452, 1460 (11th Cir. 1984). Plaintiff does not appear to challenge the

28 diagnosis, progress and treatment statements and recommendations in the Assessment

1  or explain how protocols used induced material error. "[T]he Supreme Court has

2  directed that states must have appropriate room to make practical, common-sense

3  judgments in the arena of civil commitment, particularly as regards qualifying mental

4  conditions." Brown v. Watters, 599 F.3d 602, 611, citing McGee v. Bartow, 593 F.3d

5  556, 579-81 (7th Cir. 2010). Plaintiff has not shown the Assessment is so lacking in

6  support as to violate due process. See Youngberg, 457 U.S. at 321-23 (a "decision, if

7  made by a professional, is presumptively valid; liability may be imposed only when the

8  decision by the professional is such a substantial departure from accepted professional

9  judgment, practice, or standards as to demonstrate that the person responsible actually

10 did not base the decision on such a judgment"); cf., McGee, 593 F.3d at 577 (a medical

11 diagnosis can be based on so little evidence that bears on the controlling legal criteria

12 that any reliance upon it would be a violation of due process).

13       Additionally, it appears any claim as to the propriety of the Assessment is so

14 intimately related to the SVPA civil commitment proceeding that success thereon would

15 imply the invalidity of the pending SVPA proceedings or any eventual commitment. This

16 being so, the Court would be inclined to follow the holding in Wallace v. Kato, 549 U.S.

17 384, 393 (2007) and stay this claim for damages and declaratory relief until the SVPA

18 state court proceedings have concluded. If Plaintiff desires to challenge the lawfulness

19 of his current custody, the exclusive method to do so in federal court is by filing a

20 petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

21              4.     Privacy

22       Plaintiff may desire to claim Defendant violated his right to privacy by accessing

23 personal medical information without his consent. "[O]ne aspect of the liberty protected

24 by the Due Process Clause is a right of personal privacy or a guarantee of certain areas

25 or zones of privacy", Marsh v. County of San Diego, 680 F.3d 1148, 1153 (9th Cir.

26 2012), citing Carey v. Population Servs. Int'l, 431 U.S. 678, 684 (1977), which "clearly

27 encompasses medical information and its confidentiality . . . ." Norman-Bloodsaw v.

28 Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998). However, there is no

7

1  such privacy claim absent public disclosure. See Planned Parenthood of Southern

2  Arizona v. Lawall, 307 F.3d 783, 789-90 (9th Cir. 2002); Seaton v. Mayberg, 610 F.3d

3  530, 537-41(9th Cir. 2010), citing Webb v. Smart Document Solutions, LLC, 499 F3d

4  1078, 1081 (9th Cir. 2007).

5       Plaintiff does not allege Defendant publicly disclosed his personal medical

6  information without his consent.

7  **C.**    **Equal Protection**

8       The Equal Protection Clause requires that persons who are similarly situated be

9  treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985);

10  Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be

11  established by showing that Defendants intentionally discriminated against Plaintiff

12  based on his membership in a protected class, Comm. Concerning Cmty. Improvement

13  v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d

14  1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.

15  2001), or that similarly situated individuals were intentionally treated differently.

16  Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008); Village of

17  Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546

18  F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486

19  (9th Cir. 2008).

20       Plaintiff's allegations are devoid of facts supporting a claim that Defendants

21  treated him, either as a member of an identifiable class or as an individual, differently

22  than they treated other similarly situated individuals. Plaintiff does not explain how

23  Defendant's actions implicate the Equal Protection Clause, and there is no obvious

24  equal protection claim arising from the factual allegations. Plaintiff fails to state an equal

25  protection claim.

26  **D.**    **Injunctive Relief**

27       Injunctive relief, whether temporary or permanent, is an "extraordinary remedy,

28  never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22

1    (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of

2    success on the merits and the possibility of irreparable injury, or (2) the existence of

3    serious questions going to the merits and the balance of hardships tipping in [the

4    moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.,

5    762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula

6    International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons,

7    461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

8          Plaintiff seeks an order directing the Assessment be expunged from Plaintiff's

9    medical records. The Court construes this as a request for injunctive relief.  Plaintiff can

10   not seek injunctive relief where there is no underlying federal claim. City of Los Angeles,

11   461 U.S. at 101-02 (plaintiff must show a "case or controversy" and "real and

12   immediate" threat of injury). His underlying Complaint fails to state any cognizable claim

13   against Defendant, for the reasons stated.

14         Additionally, there is no basis for this Court to issue an injunction in the pending

15   state SVPA proceeding.  "When federal courts are asked to enjoin pending state court

16   proceedings, "the normal thing to do . . . is not to issue such injunctions." 28 U.S.C. §

17   2283; see Younger v. Harris, 401 U.S. 37, 44 (1971).

18         **E.      Appointment of Counsel**

19                1.      Legal Standard

20         Plaintiff does not have a constitutional right to appointed counsel in this action,

21   Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other

22   grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court can not require an

23   attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United

24   States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).

25   However, in certain exceptional circumstances the Court may request the voluntary

26   assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

27                2.      Appointment Denied Without Prejudice

28         Plaintiff's request is procedurally deficient because is it made in his pleading

1  rather than by motion. A request for a court order, including an order appointing

2  counsel, must be made by motion. Fed. R. Civ. P. 7(b).

3      Additionally, Plaintiff fails to allege facts of exceptional circumstances supporting

4  appointment of counsel. In determining whether "exceptional circumstances exist, the

5  district court must evaluate both the likelihood of success of the merits [and] the ability

6  of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal

7  issues involved." Rand, 113 F.3d at 1525. Here, no cognizable claim is stated. The facts

8  alleged to date appear straightforward and unlikely to involve extensive investigation

9  and discovery. The record in this case demonstrates sufficient writing ability and legal

10 knowledge to articulate the claims asserted. Additionally, it is not apparent on the record

11 that Plaintiff exhausted diligent effort to secure counsel.[5] Plaintiff's lack of funds alone

12 does not demonstrate that efforts to secure counsel necessarily would be futile.

13     Accordingly, for the foregoing reasons, Plaintiff's request for appointment of

14 counsel shall be denied without prejudice.

15 **V.      CONCLUSIONS AND ORDER**

16     If Plaintiff wants to challenge the lawfulness of his current custody, the exclusive

17 method by which he may do so in federal court is by filing a petition for writ of habeas

18 corpus. The motion for appointment of counsel is not supported by exceptional

19 circumstances and diligent attempts to retain private counsel. The complaint does not

20 state a claim for relief under § 1983.

21     The Court will grant an opportunity to file an amended complaint consistent with

22 the foregoing. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.  2000); Noll v. Carlson,

23 809 F.2d 1446, 1448-49 (9th Cir. 1987).

24     If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

25 deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set

26 forth "sufficient factual matter . . . to state a claim that is plausible on its face." Id. at

27

28 [5] See, e.g., Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).

1   1949, quoting Twombly, 550 U.S. at 555. Plaintiff must demonstrate that Defendant

2   personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930,

3   934 (9th Cir. 2002).

4         Plaintiff should note that although he has been given the opportunity to amend, it

5   is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

6   Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on

7   curing the deficiencies set forth above.

8         Finally, Plaintiff is advised that Local Rule 220 requires that an amended

9   complaint be complete in itself without reference to any prior pleading. As a general

10  rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

11  F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d

12  896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no

13  longer serves any function in the case. Therefore, in an amended complaint, as in an

14  original complaint, each claim and the involvement of each defendant must be

15  sufficiently alleged. The amended complaint should be clearly and boldly titled "First

16  Amended Complaint", refer to the appropriate case number, and be an original signed

17  under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

18  8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

19  right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

20        Based on the foregoing, it is HEREBY ORDERED that:

21        1.    The request for appointment of counsel (ECF No. 1) is denied without

22              prejudice,

23        2.    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

24              complaint form and (2) a copy of his Complaint filed December 30, 2013,

25        3.    Plaintiff's Complaint is DISMISSED for failure to state a claim upon which

26              relief may be granted,

27        4.    Plaintiff shall file an amended complaint within thirty (30) days from

28              service of this Order, and

11

1    5.    If Plaintiff fails to file an amended complaint in compliance with this Order,

2          the undersigned will recommend this action be dismissed, with prejudice,

3          for failure to state a claim and failure to prosecute, subject to the "three

4          strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658

5          F.3d 1090 (9th Cir. 2011).

6

7

8    IT IS SO ORDERED.

9        Dated:    February 27, 2014          /s/ Michael J. Seng

10                                    UNITED STATES MAGISTRATE JUDGE

12