UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VICKIE MADRID,<br><br>　　　　Defendant. | Case No.  1:13-cv-02104-MJS (PC)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>**(ECF No. 8)**<br><br>**CLERK TO TERMINATE ALL PENDING MOTIONS, CLOSE CASE AND ENTER JUDGMENT** |

Plaintiff proceeds pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Complaint was dismissed for failure to state a claim. The First Amended Complaint is before the Court for screening.

**I.　SCREENING REQUIREMENT**

The Court must dismiss an in forma pauperis action at any time if the Court determines that the allegation of poverty is untrue, the action is frivolous or malicious, the action fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. See 28 U.S.C. § 1915(e).

**II.　PLEADING STANDARD**

Section 1983 "provides a cause of action for the deprivation of any rights,

1

privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

Pro se pleadings must be liberally construed. See *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**III.    PLAINTIFF'S ALLEGATIONS**

Plaintiff is an uncommitted civil detainee housed at Coalinga State Hospital ("CSH"). Since the completion of his prison sentence in or about 2000, he has been held over for civil commitment trial pursuant to California's Sexually Violent Predator Act ("SVPA").[1]

---

[1] The Court takes notice of the SVPA. Cal. Welf. & Inst. Code § 6600 et seq.

Plaintiff claims Defendant Madrid, a CSH staff social worker, retaliated against him for refusing to participate in group treatment sessions known as the "Better Lives Treatment Program ("Program"). The Program required he make "incriminating admissions" that would be used to prevent his release from SVPA confinement.

He claims Madrid retaliated by preparing an unfavorable April 2013 Annual Psychological Examination Report ("Report", Ex. A to First Am. Compl.) that contains factual errors.[2] The Report affects the duration of his SVPA commitment because it would be viewed unfavorably at civil commitment trial.

He claims Madrid's requiring him to participate in the Program is contrary to the SVPA and violated the Establishment Clause.

He seeks monetary damages.

## IV. DISCUSSION

### A. First Amendment Retaliation

A civil detainee's First Amendment claim may be analyzed under prisoner rights case law. *Rivera v. Rogers*, 224 Fed.Appx. 148, 150 (3d Cir. 2007).

Plaintiff alleges that Defendant Madrid retaliated against him for seeking to exercise his right not to participate in group therapy that required Plaintiff to make incriminating admissions. In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that "by his actions [the defendant] deterred or chilled [the plaintiff's] [First Amendment conduct] and such deterrence was a substantial or motivating factor in [the defendant's] conduct." *Mendocino Env'l Ctr. v. Mendocino County*, 192 F.3d 1289, 1300 (9th Cir. 1999).

The right that Plaintiff asserts is a right not to participate in a Program which requires compelled self-incrimination.

### 1. Protected Activity

Plaintiff does not explain how or why the First Amendment applies to his refusal

---

[2] The Report is not susceptible of judicial notice. Fed. R. Evi. 201. Plaintiff's request for judicial notice of the Report is denied.

3

to participate in the Program other than by pointing to language in the SVPA, Cal. Welf. & Inst. Code § 6606, that a post-commitment detainee may in certain circumstances refuse treatment. However, Plaintiff is a pre-commitment detainee.

Even if Plaintiff had a state right to refuse Program participation, he does not allege facts that would support a finding he was entitled to First Amendment protection. He makes no allegation of being forced to act or not act in a way protected by the First Amendment. See *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1188 (9th Cir. 1995), citing *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617-18, (1984) (the First Amendment protects the right to associate for the purpose of engaging in those expressive activities otherwise protected by the Constitution).

He also claims Madrid forced his participation in the Program in violation of the First Amendment's Establishment Clause. The Establishment Clause proscribes any law "respecting an establishment of religion." See *Larson v. Valente*, 456 U.S. 228, 244 (1982). Plaintiff's allegations are devoid of reference to religion or religious activity. Furthermore, the claim he was forced to participate in the Program contradicts the claim he was punished (retaliated against) for not participating. Plaintiff does not demonstrate conduct protected by the Establishment Clause.

2. Retaliatory Motivation

A plaintiff alleging retaliation for the exercise of First Amendment rights must show that the protected conduct was a "substantial" or "motivating" factor in the defendants' actions. *Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Plaintiff cannot do so here because there was no First Amendment conduct.

3. Adverse Action

Plaintiff does not identify any material factual or other error in in the Report. See *Reilly v. Superior Court*, 57 Cal.4th 641, 652 (2013). The allegations do not demonstrate conduct that deters or chills First Amendment rights.

In sum, Plaintiff fails to state a claim for First Amendment retaliation.

**B.     Self-Incrimination**

Plaintiff claims his refusal to participate in the Program is an assertion of a right against making incriminating admissions. The Fifth Amendment to the U.S. Constitution provides that "No person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V.

However, the Fifth Amendment right against self-incrimination does not extend to civil mental examination, see *Young v. Murphy*, 90 F.3d 1225, 1236 (7th Cir. 1996), citing *Mathis v. United States*, 391 U.S. 1,5 (1968), or to sexually dangerous person commitment proceedings. See e.g., *Allen v. Illinois*, 478 U.S. 364, 373-74 (1986), accord, *Renchenski v. Williams*, 622 F.3d 315, 333 (3d Cir. 2010).

The self-incrimination claim fails.

**C.     Abstention from Ongoing SVPA Proceedings**

It appears that any claim as to the propriety of the Report is so intimately related to the SVPA civil commitment proceeding that success thereon would imply the invalidity of the pending SVPA proceedings and possible eventual commitment. The Court agrees with the rationale in *Wallace v. Kato*, 549 U.S. 384, 393 (2007) and shall abstain from interfering in the ongoing SVPA proceeding.

Plaintiff was advised in the previous screening order that if he desires to challenge the lawfulness of his current custody, the exclusive method to do so in federal court is by filing a petition for writ of habeas corpus. See *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

**V.     CONCLUSIONS AND ORDER**

If Plaintiff wants to challenge the lawfulness of his current custody, the exclusive method by which he may do so in federal court is by filing a petition for writ of habeas corpus. The First Amended Complaint does not state a claim for relief under § 1983. Plaintiff was advised in the prior screening order of claim deficiencies and the required corrections, and despite having been afforded the opportunity to correct them, has failed to do so. For the reasons stated, and given the current state of his SVPA proceedings,

5

leave to amend at this time would be futile.

Accordingly, it is HEREBY ORDERED that:

1. The action be dismissed without prejudice for failure to state a claim, consistent with the rationale in *Wallace*, and

2. The Clerk of the Court shall terminate all pending motions, close the case and enter judgment.

IT IS SO ORDERED.

Dated: April 21, 2014      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE